# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**TADESSE TEFERI BELACHEW,**
**3506 Georgia Ave, NW**
**Apt. 106**
**Washington, DC 20010**

> **Plaintiff,**　　　　　　　　　　　　　　　**Civil Action No.: 1:24-cv-01756**

**v.**

**CERTIPHI SCREENING INC.,**
**251 Veterans Way**
**Warminster, PA 18974**

> **Defendant.**

---

## COMPLAINT

---

Plaintiff Tadesse Teferi Belachew and, for his Complaint against Certiphi Screening Inc., (hereinafter "CERTIPHI") and respectively avers as follows:

## PARTIES

1. Plaintiff Tadesse Teferi Belachew is a resident of District of Columbia.

2. Defendant CERTIPHI SCREENING, INC. is a business principally based in state of Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 1332.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business, and can be found in this judicial district.

5. The events giving rise to the claims in this action occurred in this judicial district.

## **FACTUAL BACKGROUND**

6.   In or around August 2022, Plaintiff Tadesse Teferi Belachew, a resident of the District of Columbia, applied for a job with Inova Health System ("Inova").

7.   Belachew's job application required him to sign a document authorizing Inova to obtain a consumer report for employment purposes.

8.   Inova requested a consumer report from Certiphi for employer purposes. On or about August 31, 2022, Certiphi sold Plaintiff's consumer report to Inova.

9.   Plaintiff's consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment.

10.  Based on the report, Certiphi has been reporting, and did report in this instance, disparaging and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

11.  The inaccurate statements and information includes, but is not limited to, a criminal offense record. This record appears on the consumer report Defendant sold about Plaintiff to Inova as a Felony Conviction for Simple Assault.

12.  The inaccurate information grossly disparages and embarrasses the Plaintiff and portrays him as a felon. Plaintiff is not, nor has ever been, a felon.

13.  The false statements of information were caused by the Defendant integrating Plaintiff's consumer report with another consumer. Inspection of the data would reveal the inaccuracies and the different date of birth and middle name. But the Defendant failed to employ such a procedure to safeguard the Plaintiff.

14. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

15. For example, Defendant allowed and/or used very loose matching criteria to determine whether to include information pertaining to another individual, with a different date of birth and middle name within Plaintiff's consumer report.

16. Plaintiff's start date with Inova was subsequently delayed and Plaintiff was informed by Inova that the basis for this delay was due to the inaccurate criminal information that appears on Plaintiff's Certiphi consumer report and that the inaccurate information was a substantial factor for the delay.

17. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost or delayed employment opportunities, harm to reputation, and emotional distress.

## CAUSES OF ACTION

### Count 1: Fair Credit Reporting Act

18. Plaintiff incorporates every preceding paragraph as alleged above.

19. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

20. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

23. WHEREFORE, Plaintiff pray for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## **JURY DEMAND**

**PLAINTIFFS DEMAND TRIAL BY JURY**

Dated: June 17, 2024

By: *_/s/Ikechukwu Emejuru_*
Ikechukwu Emejuru
**Emejuru Law L.L.C.**
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Telephone: (240) 638-2786
Facsimile: (240)-250-7923
iemejuru@emejurulaw.com

4